## TAYLOR *v.* BARBER.

In an appeal to the district court, where the appellant is in default the judgment of the justice may be affirmed.

By going to trial on the merits without exception to the cause of action, any defect in that particular, would be considered as waived by the defendant.

A verbal statement of plaintiff's demand before a justice, entered upon his docket and indorsed upon the writ is all that is required by the statute of 1844.

Mere irregularity and deficiency of form in proceedings before justices, should be regarded with liberality.

### *Error to Dubuque District Court.*

*Opinion by* GREENE, J.  Barber sued Taylor before a justice of the peace.  It appears by the transcript of the record, that the plaintiff filed his affidavit according to law, averring an indebtedness to him from the defendant, of one hundred dollars; a writ of attachment was issued; the parties appeared; witnesses were examined and a trial had, upon which the plaintiff recovered a judgment for the sum of $87,20 debt and interest.  Thereupon, the defendant took an appeal to the district court, and failing to appear there, judgment was rendered against him by default, for the same amount, and in affirmance of the judgment rendered by the justice.

The errors assigned and urged to these proceedings, may be considered under two heads.

1. It is contended, that as the record does not show the action to have been brought on a note or written instrument, judgment by default could only have been rendered upon the verdict of a jury.  In support of this position, the thirteenth section of the practice act, *Rev. Stat.* 471, is cited.  This section authorizes the court to direct the clerk to assess damages when judgment is given by default, on any instrument of writing; but provides, that in all other actions when judgment shall go by default, the plaintiff may have his damages assessed by a jury.  The regulations of this section, we regard as applying partic-

Taylor *v.* Barber.

ularly to actions brought originally in the district court, and not as an imperative rule in appeal cases.

The eighth article of the justice's act, under the head "of appeals and proceedings thereon in the district court," defines the practice to be pursued in many particulars, when cases are taken to that court by appeal; and these special provisions for such cases, should prevail over the general rule established by section thirteen of the "practice act."

The second, third and sixteenth sections of the eighth article above referred to, clearly contemplate an affirmance of the judgment of the justice without a trial *de novo*, or a writ of inquiry, to redetermine damages which had previously been assessed in the justices court; and certainly, no condition of a case could more manifestly justify an unqualified affirmance than the default of the appellant. His failure to appear, or to prosecute the appeal with due diligence, shows at least an acquiescence in the decision of the justice, and a strong presumption that the appeal was taken for delay.

The statute evidently provides for no re-assessment of the debt or damages in an appeal case, disposed of by default, nor can we conceive any necessity for it, either in reason or in justice. Had there been no trial or inquiry in the inferior tribunal, upon a claim not reduced to writing, there would then be necessity and propriety in a writ of inquiry and an assessment of the damages in the appellate court; but why should this be required in cases of default which have once been fully tried and determined? The appellant is only entitled to a trial anew in the event that he diligently prosecuted his appeal; and being in default in that particular, the former trial is conclusive against him.

But it is urged, that the district court could not render such a judgment by default, because section fifteen of said article eight, provides for the trial of the same cause of action *only* in the district court which was tried before the justice. Clearly this section has no application to the pro-

ceeding, if the judgment of the justice is affirmed without a trial anew, and as clearly such an affirmance is recognized by the three sections of the statute before cited. The judgment may either be affirmed in the district court, or on a trial anew be rendered against the appellant. If affirmed, section fifteen has no bearing, but if determined by the latter alternative, it would prevail, and the trial should be conducted accordingly.

2. Connected with section fifteen as to the cause of action, it is objected, that it does not appear that any cause of action was tried before the justice, and as a consequence, there was no cause of action in the district court over which jurisdiction could be entertained. In support of this position, *Rev. Stat.* 315, §4, is referred to, which requires the plaintiff, when he commences his suit, to set forth in writing a plain statement of his demand or cause of action. There are three reasons why this objection cannot prevail.

1. By proceeding to trial upon the merits without taking exception to the cause of action, any defect in that particular, must be considered as waived by the defendant.

2. The affidavit filed by the plaintiff at the commencement of this suit, we should consider a sufficient statement of this demand, even if the fourth section of the statute was in force.

3. But that section is repealed by statute of 1844, p. 42, §14. A verbal statement of plaintiff's demand entered upon the docket of the justice and indorsed upon the writ is all that is now required by the act, to regulate proceedings before justices of the peace.

By courts generally, it is not expected that technical nicety, and legal precision, can characterize the proceedings of justices of the peace; and hence irregularity and deficiency in form are viewed with liberality; and the doctrine now prevails, at least in American courts, that it is sufficient if there appears to be a good ground of action within the justice's jurisdiction, and if the substantial merits of the cause have been tried. This case having been

conducted conformable to this rule, and with even more than ordinary correctness, under the regulations provided by our state, we cannot feel justified in disturbing the judgment.

Judgment affirmed.

*L. Clark*, for plaintiff in error.

*Davis & Bissell*, for defendant.